## The Newtown Artesian Water Company v. The Township of Middletown

*Hale Pratt*, for plaintiff.
*Marcel L. Groen*, for defendant.

MIMS, *J.*, October 9, 1979—Plaintiff, The Newtown Artesian Water Company (hereinafter Company), is a Pennsylvania Public Utility corporation, privately owned, and organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Newtown Borough, Bucks County, Pennsylvania. The Company furnishes potable water to the public in Newtown Borough, Newtown Township, and parts of Middletown Township through an integrated supply system. Defendant, the Township of Middletown, is a second class township in Bucks County, Pennsylvania.

It is presently the purpose of the Company to construct certain underground facilities around two of the Company's wells. These wells were previously drilled on land owned by the Company within the township, and within the Company's franchise area. In furtherance of this purpose, on March 29, 1979, the Company filed a written application with the township's zoning officer for a zoning permit. The application was filed pursuant to section 2102

of the Township's zoning ordinance, which requires that: "A zoning permit shall be secured from the zoning officer prior to the construction . . . of any building, structure or portion thereof. . . ."

The township's zoning ordinance additionally provides the following procedural provisions:

"2103. APPLICATION FOR ZONING PERMITS. All requests for zoning permits shall be made in writing by the owner or his authorized agent to the zoning officer on a form to be supplied by the Township. Such application shall contain all information required by the zoning officer to ascertain whether the proposed erection, alterations, use or change in use complies with the provisions of this Ordinance. Such application shall be accompanied by a plan, which shall be drawn to scale when required by the zoning officer, showing the proposed building and any existing buildings in their exact relation to all property lines and to the street lines. One permit to be termed either "ZONING PERMIT" or "BUILDING PERMIT" shall satisfy the requirements of both this Ordinance and the Township Building Code.

". . .

"2104. ISSUANCE OF ZONING PERMITS. Zoning permits shall be granted or refused within ten (10) days after the written application is filed with the zoning officer. They shall be issued with a one year life and may be renewed yearly without the payment of additional fees for a period of not more than three years, providing construction pursuant to said permit has commenced within the one year period. The permit shall be numbered and a certification that such permit has been issued shall be

given to the permitee in a durable form to be supplied by the premises before construction is begun and which must remain there until a certificate of occupancy is granted."

To this date, the township's zoning officer has neither granted nor denied the Company the permit it seeks.

By letter dated April 26, 1979, the township, through its manager, advised the Company that the township board of supervisors had turned down the application, stating: "The reason for the denial is that the Board feels that this application would not be in the general health, welfare and safety of the Township in that it would not be in conformity to the Townships [sic] master water plan and would adversely effect the Townships [sic] present ground surface water supply."

On May 25, 1979, the Company filed a complaint in equity with this court requesting an order declaring that the township's letter of April 26, 1979, is of no legal effect, declaring that the failure of the township's zoning officer to grant or refuse the Company's application within ten days after its filing is an approval of the Company's application, and enjoining the township from interfering by any other legal or equitable action with the installation and operation of the facilities described in the Company's application. The complaint avers that the application was not processed by the township in accordance with the township's zoning ordinance in that the zoning officer did not approve or deny the application within ten days of its submission and that the application was illegally diverted to the township's board of supervisors. The com-

plaint further avers that these violations of the township's zoning ordinance have left the Company without an adequate remedy at law and that the Company and its customers will suffer irreparable harm if the Company does not proceed with the construction of the facilities.

On June 18, 1979, the township filed preliminary objections to the Company's complaint, seeking dismissal of the complaint on jurisdictional grounds, demurring to the complaint for failure to state a claim upon which relief can be granted, and moving that the complaint be either struck for vagueness or the Company be ordered to plead with greater specificity. This matter is before the undersigned for disposition of preliminary objections under Bucks Co. R.C.P. *266.

The township's challenge to the equity jurisdiction of the court in this action is based both on the provisions of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §10101 et seq. (hereinafter, the M.P.C.), and on the general equitable principle that equity jurisdiction is limited to those cases where an adequate remedy is unavailable at law. The township contends that the Company is barred from bringing a suit in equity because the review procedures set forth in article X of the M.P.C., 53 P.S. §11001 et seq., are the Company's sole and exclusive remedy. Section 1001 of the M.P.C., 53 P.S. §11001, states: "The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act." In determining whether the

Company is limited to the remedies provided by the M.P.C., and thus precluded from bringing suit in equity, it is first necessary to determine whether the township board of supervisors' letter of April 26, 1979, is a decision or order issued pursuant to the M.P.C.

Counsel for the township has cited no authority which enables the township's board of supervisors to exercise original jurisdiction over the Company's application for a zoning or building permit. Our attention has not been directed to any provisions of either the M.P.C. or the township's zoning ordinance requiring the approval of the township's board of supervisors as a condition precedent to the zoning officer's processing of the Company's application. On the contrary, both the M.P.C. and the township's zoning ordinance provide an administrative scheme whereby the initial decision on the grant or denial of the Company's application is made by the zoning officer.

The M.P.C. recognizes five instances in which the municipal governing body (or in some cases the planning agency if the municipality has delegated that function to the agency) may serve as the initial hearing body in zoning and land development cases. These are: (1) the application for zoning ordinance amendment, M.P.C. §609, 53 P.S. §10609; (2) the curative amendment procedure, M.P.C. §§1004, 609.1, 53 P.S. §§11004, 10609.1; (3) the application for approval of a subdivision or land development plat, M.P.C. §§501, 508, 53 P.S. §§10501, 10508; (4) the review and approval of planned residential developments, M.P.C. §§707, 708, 53 P.S. §§10707, 10708; and (5) the application for a conditional use, M.P.C. §603, 53 P.S. §10603. The Company's application for a zoning permit is not one of the five instances in which the

municipal governing body may serve as the intitial hearing body. Thus, the letter of the township's board of supervisors is not a decision, determination, or order issued pursuant to the M.P.C., and the Company is not limited by section 1001 of the M.P.C., 53 P.S. §11001, to the statutory remedies set forth in the M.P.C.

Although the Company is not limited to the statutory remedies provided by the M.P.C., further inquiry into the availability of a remedy at law is required in determining whether the court should entertain a suit in equity. The Company asserts that it has been deprived of its statutory remedy because the failure of the township's zoning officer to make a decision on its application precluded an appeal to the zoning hearing board. This assertion ignores the provisions of section 909 of the M.P.C., 53 P.S. §10909:

"The board shall hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer. Nothing contained herein shall be construed to deny to the appellant the right to proceed directly in court, where appropriate, pursuant to Pa.R.C.P., sections 1091 to 1098 relating to mandamus."

Section 909 of the M.P.C. clearly states that an appeal to the zoning hearing board is available to the Company as a matter of right to remedy the procedural irregularities in the zoning officer's handling of its application. The Company's right to appeal to the zoning hearing board arose when the zoning officer failed to follow the procedural prescription of section 2104 of the township's zoning

ordinance by failing to grant or refuse the zoning permit within ten days after the Company's application was filed with him. Additionally, the right to proceed in mandamus to compel the zoning officer to make a decision upon the application arose at the same time.

Inquiry into the adequacy of the Company's legal remedies reveals that both of these legal remedies would be effective in providing a method for the Company to seek the relief it is presently seeking in equity. Section 1006(2) of the M.P.C., 53 P.S. §11006, imposes a 30 day deadline on the filing of landowner appeals brought under M.P.C. §909 only where a permit has been sought and denied. Where there has been no decision and there is no date when a decision is deemed to have been made under the M.P.C., the landowner may set his own timing on a challenge or application. Thus, the statutory remedy of an appeal to the township's zoning hearing board is still available to the Company. Also, this court has previously compelled a zoning officer to process an application for a zoning permit in accordance with the M.P.C. and a municipal zoning ordinance: Rich v. Yardley Borough, 24 Bucks 258 (1973).

Because we find the Company has adequate remedies at law and we decline to entertain its suit in equity, we need not consider and will not rule on the second and third preliminary objections raised by the township. Because section 909 of the M.P.C., 53 P.S. §10909, gives the Company an election of remedies, we will transfer its cause to the law court with leave to amend its complaint so that if it elects to pursue its non-statutory remedy of mandamus, this action may proceed.

## ORDER

And now, October 9, 1979, for the reasons stated in the foregoing opinion, defendant's motion to dismiss plaintiff's complaint in equity is granted, and it is ordered that this cause be transferred to the law side of the Bucks County Court of Common Pleas for such further proceedings as may be in accordance with law.